**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ricardo A. GODINEZ, Defendant–**
**Appellant.**

**No. 91–3243.**

United States Court of Appeals,
Seventh Circuit.

Argued June 16, 1993.

Decided July 2, 1993.

---

Patrick J. Chesley, Asst. U.S. Atty., Springfield, IL (argued), for plaintiff-appellee.

Daniel G. O'Day (argued), Timothy J. Cusack, Cusack & Fleming, Peoria, IL, for defendant-appellant.

Before EASTERBROOK, MANION, and KANNE, Circuit Judges.

EASTERBROOK, Circuit Judge.

Felons may not possess firearms. 18 U.S.C. § 922(g). Persons who have accumulated three convictions for crimes of violence by the time they violate § 922(g) are armed career criminals, subject to severe penalties. 18 U.S.C. § 924(e). *United States v. Lowe*, 860 F.2d 1370, 1375–81 (7th Cir.1988), holds that § 924(e) enhances the penalty for a violation of § 922(g) and does not create an independent offense; we decline the invitation to reconsider that decision. See also *United States v. Henry*, 933 F.2d 553, 558 (7th Cir.1991). The only remaining question is whether Ricardo Godinez committed his three prior violent felonies "on occasions different from one another", as § 924(e)(1) requires. Godinez contends that two of his crimes were committed on the same "occasion."

At 8:45 one evening Godinez kidnapped Ethel Randle to commandeer her car for use in a robbery. He took Randle to his apartment in East Peoria, Illinois, where he left her, tied up, under the supervision of an accomplice. At 10:00 that evening Godinez robbed a convenience store in Peoria. On his way back home, Godinez was arrested; the police freed Randle. Godinez insists that the kidnapping and robbery were committed on a single "occasion": he stole Randle's car for use in a robbery and held her captive so that she could not tip off the police. Events that develop according to a single plan, in which one crime is ongoing while the others occur, cannot be multiple "occasions", he submits, no matter how many crimes transpire along the way.

"[O]n occasions different from one another" distinguishes different criminal *episodes* from the multiple *crimes* that may occur in a flash. *United States v. Schieman*, 894 F.2d 909, 911–13 (7th Cir.1990). *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), provides a good example of multiple offenses on a single occasion: Ashe robbed six players at a poker game, committing at least six crimes with the same "stick 'em up." Congress deemed a sequence of robberies worse than one robbery of several people. See *United States v. Herbert*, 860 F.2d 620, 622 (5th Cir.1988). When one court of appeals treated robberies of several victims at the same time as distinct "occasions" for purposes of a forerunner to § 924(e), the Solicitor General confessed error and the court retreated. See *United States v. Petty*, 798 F.2d 1157 (8th Cir.1986), vacated, 481 U.S. 1034, 107 S.Ct. 1968, 95 L.Ed.2d 810 sentence reduced on remand, 828 F.2d 2 (1987). Godinez contends that abduction followed by robbery must be treated the same as robberies of several persons at the same time.

We have held that a different "occasion" means a "separate and distinct criminal episode". *Schieman*, 894 F.2d at 913. Ordering six poker players at the same game to empty their pockets is one criminal episode. But one crime hard on the heels of another can be a "separate and distinct criminal episode", as *Schieman* itself shows. Schieman committed a burglary. Three blocks away he attacked and wounded a police officer. This was a distinct transaction, we held, because the burglary was over. *Ibid.* Schieman could have committed either crime without the other; a person willing to commit both is more dangerous than a person who confines himself to one. That the two crimes were close in time did not matter, we concluded. Several other courts similarly have concluded that offenses in rapid succession

can be separate "occasions". E.g., *United States v. Brady,* 988 F.2d 664, 668–69 (6th Cir.1993) (in banc) (robberies of different victims 45 minutes apart); *United States v. Washington,* 898 F.2d 439 (5th Cir.1990) (two robberies of same clerk at a convenience store separated by several hours); *United States v. Wickes,* 833 F.2d 192 (9th Cir.1987) (burglaries of different places on the same evening).

*Schieman* observed that the robbery had been completed before the assault on the officer began. Godinez reminds us that a kidnapping does not end until the victim is free; thus one of his crimes was in progress while he committed the second. Kidnapping is treated as a single offense in order to define the unit of prosecution: one kidnapping is a single crime, rather than, say, one crime per hour of detention. That kidnapping is a continuing offense also means that the statute of limitations runs from the release rather than the capture of the victim. For purposes of § 924(e), however, the question is not whether one crime overlaps another but whether the crimes reflect distinct aggressions. Having kidnapped Randle, Godinez could have changed his mind and desisted from the planned robbery; or he could have gone on a spree, robbing several victims and shooting all who resisted. Godinez argues that so long as he detained Randle and used her car as the getaway vehicle, any additional crime—a robbery, ten robberies over a week, twenty murders in the course of escaping from these robberies—is part of a single "occasion" whose duration is defined by Randle's captivity. Such an approach obliterates vital differences in criminal culpability. It also creates distinctions that lack any bearing on dangerousness. Suppose Randle had escaped before Godinez reached the store he planned to rob. Then the kidnapping would have been over before the robbery began, and by Godinez's rationale the two crimes would have been separate "occasions". What sense would it make to give such significance to an event that Godinez neither planned nor knew about?

*United States v. Towne,* 870 F.2d 880, 888–91 (2d Cir.1989), helps to illustrate the distinction between multiple crimes and multiple "occasions". Picked up while hitchhiking, Towne drew a gun on the driver, directed her to go to a secluded place, and raped her. He was convicted of kidnapping and sexual assault. Emphasizing the temporal dimension of "occasion," the second circuit concluded that these two offenses counted as one for purposes of § 924(e). Towne committed two crimes against one victim in a short span. Godinez, by contrast, committed his crimes against different victims, in different places, more than an hour apart. It would strain language considerably, without serving any purpose plausibly attributed to Congress, to treat the kidnapping and the robbery as a single "occasion."

AFFIRMED.