46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert D. LINWOOD, Defendant-Appellant.
 No. 93-3732.
 United States Court of Appeals, Seventh Circuit.
 Submitted: Jan. 30, 1995.
Decided: Feb. 1, 1995.
 
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Defendant Robert Linwood appeals the result of his resentencing. Defendant's counsel has filed an Anders brief and moved to withdraw. The motion is granted and the appeal dismissed.
 
 Facts
 
 2
 Defendant was found guilty of possession of a firearm by a felon (18 U.S.C. Sec. 922(g)) ("Count I"), possession of cocaine with intent to distribute (21 U.S.C. Sec. 841(a)(1)) ("Count II"), and carrying a firearm during drug trafficking (18 U.S.C. Sec. 924(c)) ("Count III"). He was sentenced as a "career offender" under U.S.S.G. Sec. 4B.1 for his possession of a firearm, and received concurrent sentences of thirty years for Count I and twenty on Count II, with a consecutive five year term for Count III. Defendant appealed both his conviction and his sentences to this court. In an unpublished order, this court affirmed his conviction but remanded for resentencing. See United States v. Linwood, No. 92-4132, 1993 U.S. App. (7th Cir. August 2, 1993). This court held that defendant could not have been sentenced as a career offender for possession of a firearm in light of the Supreme Court's conclusion that possession of a firearm is not a crime of violence. Id. at 3 (citing Stinson v. United States, 113 S. Ct. 1913 (1993)). This court remanded for recalculation of the sentence without the career offender enhancement.
 
 
 3
 Defendant was resentenced as an "armed career criminal," and received 262 months on Count I, 240 months on Count II (to run concurrently with the sentence on Count I), and 60 months on Count III, to run consecutively with the other sentences. The predicate offenses that formed the basis for the enhancement were: 1) a conviction for a strong-arm robbery defendant committed in April 1981; 2) a conviction for a burglary that defendant committed in June 1981; and 3) a conviction for unlawful restraint and attempted rape which defendant committed in August 1983. He was convicted of offenses #1 and #2 on July 20, 1981 and sentenced to concurrent four year sentences. He was convicted of offense #3 on November 1, 1983 and sentenced to eight years imprisonment. Defendant's attorney filed a memorandum indicating there are no non-frivolous issues available for appeal, per Anders v. California, 386 U.S. 738 (1967). Defendant was invited to respond, pursuant to Circuit Rule 51(a). Defendant sought and received additional time to respond, but never did so.
 
 Analysis
 
 4
 Defense counsel raises one issue on appeal: whether defendant can be subject to an enhanced sentence as an "armed career criminal" under 18 U.S.C. Sec. 924(e)(1) when two of the sentences for the predicate convictions were imposed on the same date and ran concurrently.
 
 
 5
 The standard for enhancement of a sentence for an "armed career criminal" is as follows:
 
 
 6
 In the case of a person who violates section 922 (g) of this title and has three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years.
 
 
 7
 18 U.S.C. Sec. 924(e)(1). The guidelines section dealing with "armed career criminal" enhancement is U.S.S.G. Sec. 4B1.4.
 
 
 8
 Defendant's argument is that the burglary and strong-arm robbery convictions only count as one offense because he received the convictions on the same day and served concurrent sentences. Defendant is attempting to apply the "grouping" rules for related sentences of U.S.S.G. Sec. 4A1.2. The "grouping" rules of Sec. 4A1.2 apply to "career offender" enhancement under Sec. 4B1.1. See U.S.S.G. Sec.4B1.2. See also United States v. Linnear, 40 F.3d 215, 222-24 (7th Cir. 1994); United States v. Coleman, 38 F.3d 856, 859-61 (7th Cir. 1994). Defendant, however, is not being sentenced as a "career offender" this time around, and the grouping rules for related sentences do not apply to "armed career criminal" sentence enhancement under Section 4B1.4. See U.S.S.G. Sec. 4B1.4 comment (n.1).
 
 
 9
 The only requirement for the three predicate offenses used in the enhancement is that they be "committed on occasions different from one another." This court has held that offenses are committed on occasions different from one another if they are "separate and distinct criminal episodes." United States v. Hudspeth, No. 93-1352, slip. op. at 5-15, (7th Cir., November 10, 1994) (en banc); United States v. Godinez, 998 F.2d 471, 472-73 (7th Cir. 1993); United States v. Schieman, 894 F.2d 909, 913 (7th Cir. 1990), cert. denied, 498 U.S. 856 (1990). Criminal episodes can be separate and distinct even when the offenses occur within minutes of each other. Hudspeth, slip op. at 7 (temporal proximity or overlap in crimes is not relevant if crimes reflect "distinct aggressions"). Godinez, 998 F.2d at 472-73; Schieman, 894 F.2d at 913. There can be no doubt in this case that defendant's crimes, which were of different types, against different victims, and in different months were committed on occasions different from one another.
 
 
 10
 A review of the record indicates the trial judge properly applied the guidelines to arrive at defendant's criminal history category and offense level and selected the appropriate sentencing range. The record further indicates that trial judge sentenced defendant within the range (at the lowest end) and engaged in a proper colloquy per Federal Rule of Criminal Procedure 32. As the record reveals no arguably meritorious issue for appeal, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.