UNITED STATES of America,
Plaintiff–Appellee,

v.

Jimmy L. WILLIAMS, Defendant–
Appellant.

No. 94–3878.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 1, 1995.

Decided Oct. 12, 1995.

Richard H. Lloyd, Asst. U.S. Atty. (argued), Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

Renee E. Schooley, Federal Public Defender (argued), East St. Louis, IL, for Defendant–Appellant.

Before BAUER, COFFEY, and MANION, Circuit Judges.

MANION, Circuit Judge.

Jimmy L. Williams was convicted of unlawful possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), the district court imposed an enhanced sentence of 180 months' incarceration. Williams argues that the district court improperly applied the ACCA's sentencing enhancement. We affirm Williams' sentence.

## I. Background

On October 4, 1994, Williams entered a plea of guilty to a one-count indictment that charged him with being a felon in possession of a firearm. The presentence report used at Williams' sentencing hearing detailed Williams' history of criminal activity. On December 19, 1978, Williams and another individual, Lonnie Jones, abducted Lela Wiley (age 14) and Eulanda Long (age 17) at gunpoint in Venice, Illinois. They drove the two young women several miles to East St. Louis, Illinois, where they forced them at gunpoint to commit various sexual acts. Williams pleaded guilty to two counts of aggravated kidnapping and one count of indecent liberties with a child. Eight years later, in 1987, Williams was convicted of criminal sexual assault and kidnapping. Based on this history, the presentence report concluded that Williams did not qualify for the enhanced penalty provision under the Armed Career Criminal Act (ACCA). The presentence report concluded that the 1979 convictions were sufficiently related to have occurred on the same occasion. The government filed an objection to the presentence report. At Williams' sentencing hearing, the district court sustained the government's objection. The court held that the 1979 convictions for kidnapping and indecent liberties with a child constituted separate offenses.[1] The court ruled that this finding, along with Williams' 1987 conviction for kidnapping and sexual assault made the ACCA applicable. The Sentencing Guidelines range was 135–168 months, but because of the 15–year minimum sentence under 18 U.S.C. § 924(e)(1), the court imposed an enhanced sentence of 180 months imprisonment.

## II. Discussion

■ Williams claims that the district court erred by using two of his prior convictions to enhance his sentence under § 924(e). This involves a question of law that we review de novo. *United States v. White,* 997 F.2d 1213, 1215 (7th Cir.1993).

■ Under § 924(e), any person who violates § 922(g) and has three previous violent felony or serious drug offense convictions must receive a prison sentence of at least fifteen years.[2] The ACCA specifically provides that the three prior convictions must

---

1. Williams plea-bargained the crime to a much less serious crime than was actually committed. Apparently, Williams not only kidnapped the 17- and 14–year–old girls, but he raped each of them. On February 16, 1979, a six-count amended information was filed charging Williams with aggravated kidnapping, armed violence, unlawful restraint, rape, deviate sexual assault, and armed violence. These were offenses against victim Eulanda Long. On April 23, 1979, Williams pleaded guilty to aggravated kidnapping. The other counts were dismissed. On February 16, 1979, an amended information was filed charging the defendant with aggravated kidnapping, armed violence, unlawful restraint, rape, deviate sexual assault, and armed violence. On April 23, 1979, a second amended information was filed charging the defendant with aggravated kidnapping and indecent liberties with a child. These were offenses against victim Lela Wiley. On April 23,

1979, Williams entered a plea of guilty, as charged. The underlying facts notwithstanding, for enhancement purposes the crimes are limited to the actual convictions.

2. 18 U.S.C. § 924(e)(1) provides in applicable part:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, *committed on occasions different from one another,* such person shall be fined not more than $25,000 and imprisoned not less than fifteen years.... (Emphasis supplied.)

See also *United States v. White,* 997 F.2d 1213, 1215 (7th Cir.1993).

have resulted from acts "committed on occasions different from one another." In *United States v. Hudspeth,* 42 F.3d 1015 (7th Cir. 1994) (en banc), this court examined the ACCA's "committed on occasions different from one another" language of § 924(e)(1). Relying on our circuit precedent in *United States v. Schieman,* 894 F.2d 909, 913 (7th Cir.), *cert. denied,* 498 U.S. 856, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990), and *United States v. Godinez,* 998 F.2d 471 (7th Cir. 1993), the majority of the en banc panel concluded that we look "to the nature of the crimes, the identities of the victims, and the locations." *Hudspeth,* 42 F.3d at 1019; *United States v. Gilbert,* 45 F.3d 1163, 1168 (7th Cir.1995). In addition to these considerations, the court emphasized the importance of examining whether "the perpetrator had the opportunity to cease and desist from his criminal actions at any time," and whether "the crimes [were] simultaneous or were they sequential?" *Hudspeth,* 42 F.3d at 1020–21; *Gilbert,* 45 F.3d at 1169. Put simply, we must decide whether the 1979 kidnappings and sexual assault occurred on one "occasion" or "on occasions different from one another" as required by § 924(e)(1).

*Hudspeth* instructs us to look to the identities of the victims and the locations. 42 F.3d at 1019. Although Williams' two victims were taken from the same location at the same time, the kidnapping and the subsequent assault occurred at different locations. In addition, at the sentencing hearing, the district court found it "significant" that the kidnapping involved two victims. Williams argues that the fact that there were two victims is not significant for purposes of sentencing under the ACCA. In one sense Williams is correct. Merely because an offense has multiple victims is not always dispositive of whether an offense occurred on one occasion or more than one occasion. In *Godinez, supra,* we referred to *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), as a good example of multiple offenses against multiple victims on a single occasion. In *Ashe,* the defendant committed multiple offenses on a single occasion (in the same location at the same time) by "robb[ing] six players at a poker game, committing at least six [simultaneous] crimes

with the same [command of] 'stick 'em up'." *Godinez,* 998 F.2d at 472; *see also Hudspeth,* 42 F.3d at 1020. We noted that "[o]rdering six poker players at the same game to empty their pockets is one criminal episode." *Godinez,* 998 F.2d at 472. But in this case we must analyze each location as well as the number of victims in conjunction with the crimes committed.

■ Williams argues that the 1979 offense involved two crimes (kidnapping and sexual assault) but only one occasion. *Godinez* informs us that "kidnapping is treated as a single offense in order to define the unit of prosecution." *Godinez,* 998 F.2d at 473. Kidnapping is a single crime, but for purposes of § 924(e) the question is not whether one crime overlaps another but whether the crimes reflect distinct aggressions. *Id.* at 473. Williams argues that the kidnappings and sexual assault were all one crime and do not reflect distinct aggressions. Specifically, he argues that "[t]he nature of the crime involved in Appellant's 1979 and 1987 convictions was a kidnapping for sexual gratification." To support his position, Williams relies on *United States v. Towne,* 870 F.2d 880 (2d Cir.1989). In *Towne,* the defendant committed the same crime (against different victims) twice. In 1976 and again in 1983, he kidnapped and raped a woman after she picked him up while he was hitchhiking. The Second Circuit found that Towne's method of operation was to threaten his victim with a weapon and then take her to an area where he would carry out the sexual assault. The Second Circuit ruled "in each instance [the 1976 and 1983 offenses] the kidnapping and rape offenses were part of a continuous course of conduct which was directed against a single victim." *Towne,* 870 F.2d at 891. As a result, the ACCA's sentence enhancement was found to be inapplicable where the defendant kidnapped his victim for the purpose of sexually assaulting her.

■ Factually, *Towne* is similar. However, unlike *Towne,* Williams was convicted of two kidnappings involving two victims. He also pleaded guilty to one count of indecent liberties with a child. So regardless of what the underlying facts may have been, Williams

was convicted of kidnapping two girls but sexually assaulting only one of them. Thus one of the kidnappings, according to his plea, did not have "sexual gratification" as its purpose. Furthermore, *Towne* emphasizes the temporal aspect of committing two crimes against one victim in a short span. *Towne* refers to the kidnapping and rape as a "continuing course of conduct." *Id.* In Williams' case, however, there is no evidence, other than Williams' assertions in his brief, that the 1979 kidnapping and sexual assault were part of a continuing course of conduct. The girls were kidnapped in Venice, Illinois. The kidnapping continued as they drove several miles to East St. Louis where the sexual assault occurred. *Godinez,* 998 F.2d 471, despite its reliance on Towne, is more properly applicable to Williams' case.[3] In *Godinez,* the defendant kidnapped a woman for the purpose of using her car in a robbery. Godinez took the victim to his apartment where an accomplice kept watch over her. Godinez then drove the victim's car to a convenience store where he committed the robbery. We held that the kidnapping and robbery were two separate criminal aggressions for purposes of the ACCA. In this case, Williams, having kidnapped his victims, could have taken various courses of action. After driving several miles and after the passage of some time, he opted to assault one of the girls. His plea indicates he chose not to assault the other. He could also have decided to assault neither of them. But the additional crime he chose is clearly separate from the kidnappings that were already underway. Kidnapping is a single crime, rather than, say, one *crime per hour* of detention. *Godinez,* 998 F.2d at 473. Taking indecent liberties with a child is also a single crime. For purposes of § 924(e), the question is not whether one crime overlaps another but whether the crimes reflect distinct aggressions. *Id.* Furthermore, the relevant inquiry as to the timing of multiple crimes is: were the crimes simultaneous or were they sequential? *Hudspeth,* 42 F.3d at 1021. In this case, kidnapping and sexual assault do represent separate criminal aggressions that occurred sequentially.

As in *Towne* "kidnapping for sexual gratification" could reflect a continuing course of conduct. If Williams' offenses of kidnapping and sexual assault were part of a continuous course of conduct, perhaps the ACCA's sentence enhancement would be inapplicable. However, Williams' offenses are much more appropriately viewed as sufficiently separate to affirm the ACCA enhancement. Kidnapping and rape do not inevitably occur together. Kidnapping and sexual assault are felonies which do not necessarily arise out of the same course of continuous criminal conduct. The two felonies have different elements. Here there were two kidnap victims and only one assault victim. The two crimes protect different discrete interests. Williams' characterization of his crime as a "kidnapping for sexual gratification" is convenient but unsubstantiated. Illinois does not have a crime known as "kidnapping for sexual gratification." Under Williams' view, for purposes of sentencing enhancement under the ACCA, any crime added on to the kidnapping (kidnapping for robbery; kidnapping for extortion) would be a convenient dodge of being charged for other crimes committed during the kidnapping. Neither the statute nor logic allows for such a conclusion. The kidnapping and sexual assault in this case are sufficiently separate and distinct crimes.

Besides the nature of the crimes, the identities of the victims, and the locations, *Hudspeth* emphasized the importance of examining whether "the perpetrator had the opportunity to cease and desist from his criminal actions at any time." *Hudspeth,* 42 F.3d at 1019. Any person can stop himself from committing a crime. The time between kidnapping the victims in Venice, Illinois, and driving to East St. Louis, Illinois, where the victims were assaulted, may have been relatively short. The two cities are about five to ten miles apart. Nonetheless, Williams could have avoided further criminal activity. It would be disingenuous to suggest otherwise.

---

**3.** In *Godinez* this court relied on *Towne,* stating that *Towne* "helps to illustrate the distinction between multiple crimes and multiple occasions." *Godinez,* 998 F.2d at 473. In *Towne,* the multiple crimes (kidnapping and rape) were found to be one occasion, whereas in *Godinez* the multiple crimes were found to be two occasions.

### III.  Conclusion

The district court correctly characterized Williams' 1979 offenses as separate occasions. The judgment of the district court is

AFFIRMED.