132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danny D. COBB, Defendant-Appellant.
 No. 97-2622.
 United States Court of Appeals, Seventh Circuit.
 Dec. 19, 1997.
 
 Appeal from the United States District Court for the Central District of Illinois, No. 3.96CR30052-001; Richard Mills, Judge.
 Before FAIRCHILD, CUMMINGS, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Danny Cobb pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Cobb's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738 (1967), because he considers an appeal to be without merit or possibility of success. Cobb was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), which he has not done. Because counsel's Anders brief is adequate on its face, we limit review of the record to those issues raised in counsel's brief United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996); United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 Cobb stole a gun from a pawn shop, and having previously been convicted of an offense in Illinois punishable by more than a year in prison, was charged with being a felon in possession of a weapon. 18 U.S.C. § 922(g)(1). Cobb pleaded not guilty and defense counsel moved for a medical evaluation of the defendant and a competency hearing based on several threats of and attempts at suicide by the defendant. After a hearing, the magistrate judge concluded that Cobb was competent at the time of the charged offense and was competent to stand trial. See 18 U.S.C. § 4241. Cobb then pleaded guilty pursuant to a written plea agreement. A presentence report was prepared and defense counsel filed two objections. First, counsel objected to the recommendation that law enforcement authorities should be notified upon Cobb's release from prison because he was convicted of a crime of violence. Defense counsel also objected to the statement that no basis existed for a downward departure, arguing that a departure for diminished mental capacity under U.S.S.G. § 5K2.13 was warranted. Two supplemental objections also were made by the defendant through counsel before and during the sentencing hearing. The first was characterized by defense counsel as "additional commentary" regarding the request for a downward departure under § 5K2.13 and the second was an assertion that his burglary convictions should be consolidated for purposes of calculating his criminal history category.
 
 
 3
 Defense counsel raises four potential arguments which could be asserted on appeal, but concludes that each would be frivolous. We agree. Counsel's first argument is that Cobb's guilty plea was not knowingly or voluntarily entered. However, because Cobb does not ask to withdraw his guilty plea, we need not examine the validity of his conviction. See Wagner, 103 F.3d at 552. As a second potential ground for appeal, counsel argues that the district court erred in refusing to grant a downward departure under § 5K2.13 of the Sentencing Guidelines. Section 5K2.13 permits a sentencing judge to impose a lower sentence "[i]f the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants ... provided that the defendant's criminal history does not indicate a need for incarceration to protect the public." We will not review a district court's discretionary decision not to depart downward unless the sentence was imposed in violation of the law or as a result of an incorrect application of the Sentencing Guidelines. See United States v. Yoon, 128 F.3d 515, 529 (7th Cir.1997). It is clear from the sentencing transcript that the district court was aware that it had the authority to depart downward but chose not to do so in this case. Accordingly, this court would have no jurisdiction to review the district court's decision not to depart downward. We conclude that an argument based on the district court's refusal to depart downward under § 5K2.13 would be frivolous.
 
 
 4
 As a third potential argument, counsel asserts that the district court erred by not departing downward to a greater extent for substantial assistance under § SKI. 1. The district court agreed to depart downward for substantial assistance and sentenced Cobb to 153 months' imprisonment, 27 fewer months than the statutorily mandated minimum of 180 months. We lack jurisdiction to consider any potential claim by Cobb that the extent of the departure was not sufficient. See United States v. Thomas, 11 F.3d 732, 737 (7th Cir.1993); United States v. Gant, 902 F.2d 570, 572 (7th Cir.1990).
 
 
 5
 Finally, counsel asserts that Cobb could contest the district court's refusal to group three prior convictions which resulted in an enhancement of his sentence under the armed career criminal provision of § 922(g) and increased Cobb's criminal history under the Sentencing Guidelines. At sentencing, Cobb argued that the offenses should be grouped because they were similar, he had been sentenced for all of the offenses on the same day, and he received concurrent sentences.[1] Title 18 U.S.C. § 922(e)(1) provides for an armed career criminal sentence enhancement for "a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or serious drug offense, or both, committed on occasions different from one another." (emphasis added). A criminal is subject to the armed career criminal sentence enhancement "if each of the prior convictions arose out of a 'separate and distinct criminal episode." ' United States v. Hudspeth, 42 F.3d 1015, 1019 (7th Cir.1995) (quoting United States v. Schieman, 894 F.2d 909, 911 (7th Cir.1990)). In order to determine whether the offenses are indeed different, we look to "the nature of the crimes, the identities of the victims, and the locations." Hudspeth, 42 F.3d at 1019. Here, Cobb's prior offenses took place on three different days against three different victims in three different places. Although Cobb might argue that the offenses were not "different," the offenses properly are considered separate offenses for purposes of the enhancement because Cobb had the opportunity between crimes to "cease and desist" from the criminal activity. See Hudspeth, 42 F.3d at 1020-1021 (concluding that defendant who sequentially burglarized three separate businesses in the span of thirty minutes had committed three different offenses for purposes of the armed career criminal sentence enhancement); see also United States v. Williams, 68 F.3d 168, 169-71 (7th Cir.1993) (stating that the kidnaping of two victims and the sexual assault of one of the victims constituted separate offenses for purposes of the armed career criminal enhancement). Consequently, an argument that the district court erred in not grouping Cobb's prior offenses for purposes of the armed career criminal enhancement would be frivolous.
 
 
 6
 Similarly, an argument that the offenses should not have been considered separately when calculating Cobb's criminal history because he was sentenced on the same day and received concurrent sentences also would be frivolous. Pursuant to U.S.S.G. § 4A1.1, three points are added to a defendant's criminal history for each prior sentence of imprisonment exceeding one year. Application Note 3 to U.S.S.G. § 4A1.2 ("Definitions and Instructions for Computing Criminal History") states that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." Here, the district court correctly noted that each offense for which points were added to Cobb's criminal history were separated by an intervening arrest. Accordingly, they properly were treated as separate offenses. See United States v. Joseph, 50 F.3d 401 (7th Cir.1995) ("Sentences in two cases are 'related' when the cases were consolidated for trial or sentencing, unless there was an intervening arrest.").[2]
 
 
 7
 MOTION TO WITHDRAW GRANTED AND APPEAL DISMISSED.
 
 
 
 [1]
 The offenses that Cobb argued should have been grouped were: a September 19, 1984 arrest for two thefts in July and August 1983 (3 point increase); a September 19, 1984 arrest for a theft in August 1983 and two burglaries in October and December 1983 (no increase); a September 28, 1984 arrest for a September 26, 1984 theft (3 point increase); and, a November 13, 1984 arrest for the unlawful use of a firearm by a felon offense that occurred on October 25, 1984 (3 point increase). The defendant pleaded guilty to all of the offenses and was sentenced to three years' imprisonment on the first offense and five years' imprisonment on each subsequent offense, all to be served concurrently
 
 
 [2]
 At sentencing, defense counsel noted that this circuit has held that concurrent sentences do not automatically translate into consolidation for purposes of calculating a defendant's criminal history category, but argued that such a position was incorrect