142 F.3d 441
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Cleveland J. McDADE, Defendant-Appellant
 No. 97-3290.
 United States Court of Appeals,
Seventh Circuit.
 Submitted April 1, 1998*
Decided May 11, 1998.
 
 BEATTY, Judge.
 
 ORDER
 
 1
 Following a remand of his case for resentencing on charges of drug trafficking and unlawful possession of a firearm by a felon, Cleveland McDade received a sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4, for his three prior felony convictions. On appeal, McDade argues that two prior burglary convictions should not have been counted as separate for purposes of the Act because they arose out of acts that were committed during this same criminal episode. We affirm.
 
 
 2
 In McDade's earlier appeal, we upheld his convictions for drug trafficking, 21 U.S.C. § 841(a), and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), but reversed his convictions for conspiracy and for using and carrying a firearm during the conspiracy. United States v. Mims, 92 F.3d 461 (7th Cir.1996). We remand for sentencing.
 
 
 3
 At the district court's request, a probation officer supplemented McDade's presentence investigation report (PSI). According to the supplemented PSI, McDade had three prior Illinois convictions for burglary and, therefore, the probation officer recommended that McDade's sentence be calculated under the Armed Career Criminal Act. The Act applies to defendants who violate 18 U.S.C. § 922(g) and have "three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In making this recommendation, the probation officer relied upon McDade's 1988 conviction for residential burglary and two 1986 convictions for burglary. At the resentencing hearing, McDade objected to the enhancement, arguing that the two 1986 convictions were for offenses that took place during a single criminal episode and, thus, under the Act could not properly be counted as two convictions. The district court disagreed, finding that the burglaries were "separate" and "distinct" offenses. The court therefore calculated the sentence using U.S.S.G. § 4B1.4 and imposed a 360-month term of imprisonment.
 
 
 4
 The facts underlying McDade's two 1986 convictions are as follows.[1] On October 9, 1985, McDade and a friend, David Oliver, went to an apartment complex. Oliver entered an apartment through an unlocked door while McDade kept watch. Oliver tried to disconnect a cable box he wanted to steal, but was interrupted by the arrival of a neighbor. Undeterred, Oliver broke into another apartment in the same complex and, while McDade kept watch, stole a portable cassette player. They were soon apprehended by police. This sequence of events led to McDade being charged in two separate indictments with burglary. Although the state prosecutor requested consolidation of the two cases, the state court denied the request and set two different trial dates. McDade subsequently pleaded guilty to both charges.
 
 
 5
 On appeal, McDade argues that the two burglaries were not "committed on occasions different from one another" as required by the Act. McDade notes that the two burglaries occurred at the same time in the same apartment complex. He maintains that he was merely the lookout and had no control over how many apartments Oliver chose to enter. Because he characterizes the two burglaries as part of the same "crime spree," McDade believes that the enhancement was improperly applied to his sentence.
 
 
 6
 We considered the meaning of "occasions different from one another" for purposes of the Armed Career Criminal Act in United States v. Hudspeth, 42 F.3d 1015 (7th Cir.1994) (en banc). In that case, we explained that a sentencing court must look "to the nature of the crimes, the identities of the victims, and the locations" when determining whether multiple convictions arose out of the same or separate episodes. Id. at 1019. Additional factors relevant to this inquiry include whether the perpetrator had the opportunity to desist form his criminal activities and whether the crimes were simultaneously of sequentially committed. Id. at 1020-21. Ultimately, "the question is not whether one crime overlaps another but whether the crimes reflect distinct aggressions." Id. at 1020 (quoting United States v. Godinez, 998 F.2d 471, 473 (7th Cir.1993)).
 
 
 7
 Under the analysis dictated by Hudspeth, the district court correctly concluded that McDade's two 1986 burglary convictions resulted from acts committed on different occasions. The burglaries involved distinct victims in distinct locations and were committed sequentially rather than simultaneously. Additionally, after McDade fled from the site of the first burglary, he had ample opportunity to refrain from participating in the second burglary. Finally, we note that the state court refused to consolidate the two cases, which strongly suggests that the burglaries should be treated as separate and distinct. Cf. United States v. Joseph, 50 F.3d 401, 404 (7th Cir.1995). ("There was no order of consolidation, and there is no reason to think that the judge who sentenced Joseph treated the two crimes as one in any sense.")
 
 
 8
 For these reasons, the district court's judgment is AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Internal Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a), Cir.R. 34(f)
 
 
 [1]
 McDade described the two burglaries to the police in a tape recorded statement given after he was arrested for those crimes