In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1177

United States of America,

Plaintiff-Appellee,

v.

Alejos Cardenas,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana,
Indianapolis Division.
No. IP 99-76-CR T/F--John D. Tinder, Judge.

Argued May 8, 2000--Decided June 23, 2000

  Before Posner, Chief Judge, and Bauer and
Diane P. Wood, Circuit Judges.

  Bauer, Circuit Judge.  On January 7,
2000, Alejos Cardenas pled guilty to two
counts of possessing a handgun in
violation of 18 U.S.C. sec. 922(g). The
district court sentenced him to a term of
imprisonment of 180 months and 5 years of
supervised release. In computing
Cardenas' sentence, the district court
found that Cardenas qualified for an
enhancement under the Armed Career
Criminal Act, 18 U.S.C. sec. 922(e)(1).
The ACCA mandates a minimum sentence of
fifteen years for a defendant with three
prior serious drug convictions, who is
subsequently convicted for unlawful
possession of a firearm. Cardenas had
three prior convictions for selling crack
cocaine. The convictions included two
sales of crack cocaine to confidential
informants on March 27, 1995, one at 8:00
p.m. and the other at 8:45 p.m. and a
third the following day at 9:00 p.m. The
district court concluded that each sale
constituted a separate and distinct
criminal episode. Cardenas disagrees,
arguing that the sales on March 27
constituted a single predicate offense
under the ACCA.

We review whether the district court violated the statute in its sentencing determination de novo. United States v. Williams, 68 F.3d 168, 169 (7th Cir. 1995).

Title 18, United States Code, Section 924(e)(1) provides that:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years. . .

In United States v. Hudspeth, 42 F.3d 1015, 1019 (7th Cir. 1995) (en banc), the court examined the "committed on occasions different from one another" language of sec. 924(e)(1). The court concluded that it is necessary "to look to the nature of the crimes, the identities of the victims, and the locations." Id. Additionally, we must ask whether the defendant had sufficient time to cease and desist or withdraw from the criminal activity. Id.; Williams, at 171.

In Hudspeth, the defendants, in a span of thirty-five minutes, burglarized three separate businesses at the Laketown Shopping Center. Id. at 1022. The burglars first entered the cleaners. Next they used a sledge hammer to break the adjoining wall to gain entrance into the doughnut shop. Finally, they forced the door of the adjacent insurance company open. Id. The court found that each unlawful entry was a separate and distinct episode. Before entry into the second and third businesses, the defendants had the chance to stop the criminal activity but instead chose to continue. Id. Each entry was a "clear and deliberate" choice. Id.

In this case, the two sales of crack cocaine on March 27 were two separate and distinct episodes. While Cardenas sold the crack cocaine to the same people, the sales were separated by forty-five minutes and a half a block. Cardenas had plenty of time to change his mind, to cease and desist, and to refuse to sell

to the informants. The price of the cocaine at the first sale was not contingent on there being a second sale. The informants were not afforded any deals if they purchased more. In fact, the informants paid the same price at each sale, $60 for three pieces. Further, Cardenas did not know if the informants would even return to buy more. The understanding after the first sale was that they would return if the drugs were acceptable. This was not a single agreement as Cardenas would like us tobelieve, but two separate transactions.

The district court correctly applied sec. 924(e) to Cardenas. As we found in Hudspeth, "a defendant who has the opportunity to cease and desist or withdraw from his criminal activity at any time, but who chooses to commit additional crimes, deserves harsher punishment. . ."

Affirmed.