**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Danny S. HERRON, Defendant–Appellee.**

No. 93–30427.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1994.

Decided Jan. 19, 1995.

Leonard E. Bailey, U.S. Dept. of Justice, Washington, DC, for plaintiff-appellant.

Gerald R. Smith, Federal Public Defender, Spokane, WA, for defendant-appellee.

Before: ALARCON, BEEZER and KLEINFELD, Circuit Judges.

KLEINFELD, Circuit Judge:

We construe the restoration of civil rights provision in the felon in possession of a firearm statute, 18 U.S.C. § 922(g)(1).

**I. Facts**

Herron was convicted of second degree burglary in the Superior Court of the State of Washington, sentenced to serve a year and a day, and eventually discharged. Upon completion of his parole, he received a "Certificate and Order of Discharge." The print-

ed form said that the civil rights lost by reason of his conviction were restored.[1] The document did not say anything about firearms.

Herron had the .22 caliber semiautomatic pistol which was the subject of his federal indictment, as well as other guns, in a gun cabinet in his living room. Police noticed the guns while in his home on another matter and advised federal authorities. The Bureau of Alcohol, Tobacco and Firearms obtained a search warrant, observed the guns, obtained admissions of possession, and charged Herron with "felon in possession." 18 U.S.C. § 922(g)(1) (1988).

Herron successfully moved to dismiss the indictment. The district court dismissed it because Herron's civil rights had been restored, so under the federal statute he was not to be deemed convicted of the requisite crime. The United States appeals the dismissal. We review this issue of statutory interpretation *de novo, United States v. Schiffbauer,* 956 F.2d 201, 202 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 274, 121 L.Ed.2d 202 (1992), and affirm.

## II. Analysis

The federal statute under which Herron was indicted generally makes it a felony for a person previously convicted in any court of a felony to possess a gun:

>    (g) It shall be unlawful for any person—
>    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

>    .    .    .    .    .

> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which

has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g).

The element put at issue by Herron's motion to dismiss was whether, because his civil rights had been restored, he had been "convicted ... of [ ] a crime punishable by imprisonment for a term exceeding one year." This is a term of art in the statute. Its definition makes an exception for persons whose civil rights were restored, but there is an exception to the exception:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. *Any conviction* which has been expunged, or set aside or *for which a person* has been pardoned or *has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such* pardon, expungement, or *restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.*

18 U.S.C. § 921(a)(20) (1988) (emphasis added). Herron's civil rights were restored by the certificate. That means he could not be guilty of the crime unless the exception to the exception, "unless such ... restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms," applied. It does not. The document restoring Herron's civil rights is quoted in full above, and does not expressly provide for firearms restrictions. That should be the end of the case.

The government argues that despite the document purporting to restore Herron's civil rights, they were not "substantially" restored, so the statutory provision does not apply to him. The government did not make

1. The certificate read in full:

**CERTIFICATE & ORDER OF DISCHARGE**
This matter having come on regularly before the above entitled court pursuant to RCW 9.94A.220, the court having been notified by the Secretary of the Department of Corrections or his designee that the above named defendant has completed the requirements of his/her sentence, and there appearing to be no reason why the defendant should not be discharged, and the court having reviewed the records and file herein, and being fully advised in the premises, Now, Therefore,

*IT IS HEREBY CERTIFIED* that the defendant has completed the requirements of the sentence imposed.
*IT IS HEREBY ORDERED* that the defendant be DISCHARGED from the confinement and supervision of the Secretary of the Department of Corrections.
*IT IS FURTHER ORDERED* that the defendant's civil rights lost by operation of the law upon conviction be *HEREBY RESTORED.*

this argument in district court, but we entertain it on appeal in this case because "the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court." *United States v. Flores–Payon,* 942 F.2d 556, 558 (9th Cir.1991).

Different states have different procedures for restoring civil rights to people convicted of felonies. In some, civil rights are automatically restored by operation of law. In others, they are restored by certificates or orders. If the state restores civil rights by operation of law, the "restoration must be more than de minimis. It must be substantial, but need not be complete." *United States v. Dahms,* 938 F.2d 131, 133 (9th Cir.1991) (citation omitted). The government argues that Herron's civil rights were not substantially restored, because of a former Washington restriction on jury service, Wash.Rev.Code Ann. § 4.44.160 (West 1988) (convicted felon can be challenged from jury service for cause, repealed in 1992), and a restriction in some circumstances from holding public office. Wash.Rev.Code Ann. § 9.92.120 (West 1988) (public officer convicted of "malfeasance in office" permanently disqualified from holding office).

This argument has no applicability to Herron for two reasons. First, it is factually irrelevant. Herron was not in public office when he committed his burglary, nor did he serve on a jury before the statutory restriction was repealed in 1992. Second, the federal statute makes these state statutory qualifications irrelevant as a matter of law. The federal statute tells us what to read to look for qualifications on a felon's restoration of civil rights. Congress has told us to read "such . . . restoration." Herron's restoration is his certificate. The certificate does not contain the gun restriction denoted in the federal statute, or any other qualifications which would make the restoration less than substantial.

One must "look to the whole of state law," *United States v. Gomez,* 911 F.2d 219, 220 (9th Cir.1990), to determine if the restoration is substantial, only where the restoration is by operation of law rather than by certificate or order. The government argues that the "look to the whole of state law" language in *Gomez* means that the certificate will not protect him from the federal conviction, if other provisions in state law limit the felon's right to possess firearms. There is a provision in Washington law which does limit Herron's right to possess firearms. He cannot possess a "short firearm or pistol" under state law because he was previously convicted of a "crime of violence." Wash.Rev.Code Ann. § 9.41.040(1) (West 1988).[2]

The government cites *Gomez* for the proposition that we should look to the whole of state law for limitations on the restoration of civil rights, even where an unqualified certificate purports to restore them fully. This reading would raise a Due Process concern. It would imply that even if the state told the felon that his civil rights were fully restored, the federal government could convict on the basis that the state misinformed him. The government's argument depends on quoting *Gomez* out of context instead of analyzing its holding. The language about looking to the whole of state law was used in the context of rejecting the government's argument that only a certificate could restore civil rights, and restoration by operation of law would not suffice. The language of a decision is used to explain why the particular result follows from the concrete facts of the case, and must be read with reference to the dispute before the court in that case. Karl N. Llewellyn, *The Bramble Bush* 36 (1930). Mining decisions for quotations out of context does not amount to an argument. *Gomez* does not speak to the facts in the case at bar, where the defendant's civil rights were restored by an unqualified certificate, but his right to possess firearms is limited by a state statute.

The Sixth and Fourth Circuits support the government's position. *United States v. Cassidy,* 899 F.2d 543, 545 (6th Cir.1990); *United States v. McLean,* 904 F.2d 216, 218 (4th Cir.) (following *Cassidy* ), cert. denied, 498 U.S. 875, 111 S.Ct. 203, 112 L.Ed.2d 164

---

**2.** This statute was significantly amended in July 1994. A person who has been "convicted . . . of a serious offense" cannot own, possess, or control "any firearm." The amendment does not affect Herron's appeal.

(1990). Under *Cassidy,* even if the certificate says that the person's civil rights are restored and does not expressly limit firearm possession, the person can still be convicted under § 922(g)(1) if some provision of state law restricts possession of firearms.

The Fifth and Seventh Circuits reject that analysis. *United States v. Erwin,* 902 F.2d 510, 512–13 (7th Cir.), *cert. denied,* 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990); *United States v. Glaser,* 14 F.3d 1213, 1217–19 (7th Cir.1994); *United States v. Thomas,* 991 F.2d 206, 213 (5th Cir.) (following *Erwin* ), *cert. denied,* —— U.S. ——, 114 S.Ct. 607, 126 L.Ed.2d 572 (1993). As Judge Easterbrook put it:

> The second sentence of § 921(a)(20) is an anti-mousetrapping rule. If the state sends the felon a piece of paper implying that he is no longer "convicted" and that *all* civil rights have been restored, a reservation in a corner of the state's penal code can not be the basis of a federal prosecution. A state must tell the felon point blank that weapons are not kosher.

*Erwin,* 902 F.2d at 512–13. Although this statement was dicta in *Erwin,* in *Glaser,* the Seventh Circuit held that § 921(a)(20) made the question "whether, when the state disseminates a writing purporting to restore all civil rights, the document contains a firearm qualification." 14 F.3d at 1218.

We follow the Fifth and Seventh Circuits. We cannot reconcile the Sixth Circuit's position with the language of the statute, particularly the word "such." By that word, Congress tells us what to read in order to determine whether the felon's civil rights restoration made an exception for firearms. The words "expressly provides" tell us what to look for. This plain, literal interpretation comports better with fairness than the alternative approach, by requiring the state to give the felon fair notice if his restoration of civil rights makes an exception for firearms.

The government also argues that Herron could be prosecuted because his state community corrections officer told him that he could not possess firearms, unless he applied to the state Department of Treasury to have his rights restored. The government never submitted an affidavit or other evidence for this proposition, just a statement in its trial brief that the state officer would so testify. This assertion of fact, even if supported, would not matter, because a state community corrections officer cannot criminalize what Congress has not criminalized. Congress told us to look at the certificate Herron received restoring his civil rights for a firearms restriction, not to everything anyone may have told Herron.

Herron might have violated Washington law by possessing a pistol, but even if he did, he did not violate the federal statute because his restoration document did not expressly prohibit him from carrying firearms. Any possible offense is for the state prosecutors, not federal authorities.

AFFIRMED.