95 F.3d 1159
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oliver N. GILL, Jr., Defendant-Appellant.
 No. 95-35875.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oliver Gill, Jr., a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion which challenged his 180 month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Gill contends that he was improperly sentenced because his civil rights had been restored in Oregon under Or.Rev.Stat. § 137.281 in connection with his predicate convictions. We have jurisdiction, 28 U.S.C. § 2255, and affirm.
 
 
 3
 In determining whether a felon was properly convicted under 18 U.S.C. § 922(g), the court looks "to the whole of state law to determine whether the restoration of civil rights expressly prohibits firearm possession." United States v. Cardwell, 967 F.2d 1349, 1350 (9th Cir.1992); see also United States v. Herron, 45 F.3d 340, 342 (9th Cir.1995) (court looks to the whole of state law to determine if restoration of rights is substantial where the restoration is by operation of law rather than by certificate or order). Here, while Or.Rev.Stat. § 137.281 states that "[t]he rights and privileges withdrawn by this section are restored automatically upon discharge or parole from imprisonment ...," a further section, Or.Rev.Stat. § 166.270 prohibits the possession of "any pistol, revolver, or other firearms capable of being concealed upon the person....," by a person who has committed a felony. Accordingly, the district court is
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal