95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael T. SUMMERS, Defendant-Appellant.
 No. 95-35669.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael T. Summers appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his conviction and sentence imposed following a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Summers contends that the state of Oregon lacked authority to prosecute him as a convicted felon in possession of a firearm because his civil rights had been fully restored upon his discharge from prison. We have jurisdiction pursuant to 28 U.S.C. §§ 2255 and 1291. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 It is a felony for a person previously convicted of a felony to ship, transport, possess, or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce. 18 U.S.C. § 922(g)(1) (1996); see United States v. Dahms, 938 F.2d 131, 133 (9th Cir.1991). A person is not considered a convicted felon for purposes of 18 U.S.C. § 922(g)(1) if his civil rights have been restored by certificate or operation of law, unless the "restoration of civil rights expressly provides that the person may not ship transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20) (1996); see Dahms, 938 F.2d at 133.
 
 
 4
 Civil rights are restored by operation of law when the state in which the defendant was originally convicted has a general restoration statute which states that the rights and privileges withdrawn during a term of imprisonment are automatically restored upon discharge or parole. See id.; see also United States v. Gomez, 911 F.2d 219, 221 (9th Cir.1990). If a defendant's rights were substantially restored, we consider whether the state expressly prohibits an ex-felon from possessing, transporting, or receiving firearms. Gomez, 911 F.2d at 221. When civil rights are restored by operation of law, the limitation on firearm possession need not be in the certificate of discharge. See United States v. Herron, 45 F.3d 340, 342 (9th Cir.1995).
 
 
 5
 Summers contends that the State lacked authority to prosecute him pursuant to 18 U.S.C. § 922(g)(1) because his civil rights were substantially restored, and because he received a certificate of discharge that did not expressly limit his right to possess a firearm. Therefore, Summers argues that he can lawfully possess a firearm.[1]
 
 
 6
 Summers correctly states that his rights were substantially restored under Or.Rev.Stat. § 137.281(5). Nevertheless, Or.Rev.Stat. § 166.270(1), expressly prohibits ex-felons from possessing any firearm, thereby subjecting him to conviction under 18 U.S.C. § 922(g)(1). See Dahms, 938 F.2d at 133. Moreover, because Summers' civil rights were restored by operation of law, the certificate of discharge has no effect on the restoration of his civil rights beyond alerting the State to the effective date of restoration. Cf. Herron, 45 F.3d at 340-41 (civil right to carry a gun restored by certificate when certificate specifically addressed the restoration of civil rights and did not expressly limit them within its body).
 
 
 7
 Because Oregon restores civil rights by operation of law and not by certificate of discharge the district court did not err by denying Summers 28 U.S.C. § 2255 relief. See 18 U.S.C. § 921(a)(20); Herron, 45 F.3d at 341; Gomez, 911 F.2d at 221.
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government argues that Summers waived his restoration of civil rights claim, because he failed to raise it at sentencing. Normally, a defendant who pleads guilty upon the advice of competent counsel is precluded from challenging alleged constitutional violations that occurred prior to the entry of the plea, unless he challenges the state's authority to hale him into court, or challenges the voluntariness of the guilty plea. United States v. Broce, 488 U.S. 563, 575 (1989); United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989). Here, Summers argues that the State lacked the authority to hale him into court
 
 
 [2]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal