USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2194 UNITED STATES, Appellee, v. DANIEL G. SULLIVAN, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin, Circuit Judge, _____________ and Lisi,* District Judge. ______________ _____________________ David J. Fine, by Appointment of the Court, with whom _______________ Dangel, Donlan & Fine, was on brief for appellant. _____________________ F. Mark Terison, Assistant United States Attorney, with whom _______________ Jay P. McCloskey, United States Attorney, and Elizabeth C. __________________ _____________ Woodcock, Assistant United States Attorney, were on brief for ________ appellee. ____________________ October 29, 1996 ____________________  ____________________ * Of the District of Rhode Island, sitting by designation. LISI, District Judge. LISI, District Judge ______________ I. BACKGROUND I. BACKGROUND Following a four day trial, a jury found defendant- appellant Daniel G. Sullivan guilty of receiving a stolen firearm after previously having been convicted of a felony ("Count I"), aiding and abetting the sale of stolen firearms ("Count II"), and aiding and abetting the sale of firearms to a convicted felon ("Count III"). Finding that Sullivan had been convicted of at least three prior crimes of violence or serious drug offenses, the district court sentenced Sullivan as an armed career criminal pursuant to U.S.S.G. 4B1.4. The court imposed prison terms of 188 months on Count I and 120 months on each of Counts II and III, to be served concurrently, with five years supervised release thereafter. Sullivan challenges the district court's determination of his status as an armed career criminal for the first time on appeal, a fact that Sullivan concedes in his brief. He alleges no error with respect to the offense of conviction, sometimes referred to as the "triggering offense." See, e.g., United ___ ____ ______ States v. Bell, 966 F.2d 703, 705 n.5 (1st Cir. 1992). Instead, ______ ____ Sullivan attacks the district court's use of his prior state court convictions as predicate offenses for the armed career criminal determination on two fronts. For the reasons set forth below, this court rejects each of Sullivan's contentions and affirms the district court's sentence. -2- II. DISCUSSION II. DISCUSSION A. Standard of Review A. Standard of Review __________________ At the outset, it is incumbent upon this court to delineate the correct standard of its review. It is well-settled in this circuit that arguments which an appellant failed to raise in contemporaneous objections below are effectively forfeited on appeal and reversible only if an appellant can establish "plain error." United States v. Winter, 70 F.3d 655, 659 (1st Cir. _____________ ______ 1995), cert. denied, 116 S. Ct. 1366 (1996); see also United ____________ _________ ______ States v. Alzanki, 54 F.3d 994, 1003 (1st Cir. 1995), cert. ______ _______ _____ denied, 116 S. Ct. 909 (1996); United States v. Griffin, 818 F.2d ______ _____________ _______ 97, 100 (1st Cir.), cert. denied, 484 U.S. 844 (1987). Under ____________ this standard, an appellant must establish: "(1) 'error,' i.e., ____ a '[d]eviation from a legal rule'; (2) that the error is 'plain' or 'obvious'; and (3) that the plain error affected 'substantial rights.'" United States v. Winter, 70 F.3d at 659 (quoting _____________ ______ United States v. Olano, 507 U.S. 725, 732 (1993)). Regardless of _____________ _____ whether an appellant bears this burden, however, the decision to correct the error is entirely discretionary. See id. We proceed ___ ___ to address Sullivan's two arguments in light of these principles. B. Sufficiency of the Indictment B. Sufficiency of the Indictment _____________________________ Sullivan's first argument concerns the sufficiency of the indictment under which he was charged. Sullivan avers that the list of his prior state court convictions contained in the indictment did not contain three convictions valid for use as predicate offenses under the Armed Career Criminal Act ("ACCA"), -3- 18 U.S.C. 924. A thorough examination of the indictment undercuts this argument, however. The indictment lists a number of Sullivan's previous convictions, ranging from simple drug possession in 1970, to burglary in 1983. Sullivan does not challenge the use of two of these convictions, the burglary conviction on May 18, 1983, and one on October 29, 1992 for arson, as predicate offenses.1 The issue raised on appeal is whether any of the remaining convictions were valid for use as a third predicate offense. With respect to this issue, Sullivan devotes the majority of his efforts to arguing why his several drug convictions, a conviction for possession of bomb materials, and a generic conspiracy conviction are inadequate to serve as predicate offenses. We need not address these contentions. The presentence report reveals that Sullivan had four ____ prior state court burglary convictions, not one, as he and the indictment suggest. This inconsistency is attributable to the fact that the convictions were consolidated for sentencing in the state court in which Sullivan was tried. It is clear, however, that the burglaries took place on different dates, involved four different victims, and involved four distinct sentences. It is well-settled in this circuit and others that crimes which were committed on different dates, involved different locations, and targeted different victims are to be  ____________________ 1 Sullivan declines to do so for good reason: the term "violent felony" is defined by statute to include the crimes of arson and burglary. See 18 U.S.C. 924(e)(2)(B). ___ -4- treated as distinct for purposes of 18 U.S.C. 924(e). See ___ United States v. Riddle, 47 F.3d 460, 462 (1st Cir. 1995); United _____________ ______ ______ States v. Lewis, 40 F.3d 1325, 1346 (1st Cir. 1994); United ______ _____ ______ States v. Godinez, 998 F.2d 471, 472-73 (7th Cir. 1993). ______ _______ Accordingly, any three of the five prior state convictions for burglary or arson could have served as the predicate offenses necessary to sentence Sullivan as an armed career criminal. Any argument that Sullivan did not receive adequate notice that the government intended to seek an enhancement under the ACCA because the four burglary convictions were not delineated in the indictment must also fail for two reasons. First, the government "need not allege in the indictment the three prior felonies that it will use to enhance a defendant's sentence under 924(e)(1)." United States v. Tracy, 36 F.3d _____________ _____ 187, 198 (1st Cir. 1994), cert. denied, 115 S. Ct. 1717 (1995); ____________ see also United States v. Rumney, 867 F.2d 714, 719 (1st Cir.), ________ ______________ ______ cert. denied, 491 U.S. 908 (1989). Second, notwithstanding the _____________ government's failure to elucidate the specific felonies it would use as predicate crimes, it did announce its intention to seek an enhanced sentence under the ACCA in both the indictment and a trial brief filed prior to commencement of trial. See United ___ ______ States v. Tracy, 36 F.3d at 198; United States v. Rumney, 867 ______ _____ ______________ ______ F.2d at 716. Accordingly, we find no plain error with respect to this issue. C. Restoration of Civil Rights C. Restoration of Civil Rights ___________________________ Sullivan's second argument is grounded in 18 U.S.C. -5- 921(a)(20). This section provides that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of [the ACCA], unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. 921(a)(20). Sullivan relies on the fact that various laws enacted by the State of Maine between 1975 and 1981 served to restore the civil rights that had previously been denied to those convicted of felony offenses. Civil rights generally encompass "the right to vote, the right to seek and hold public office, and the right to serve on a jury." United States v. Caron, 77 F.3d 1, 2 (1st Cir.) (en _____________ _____ banc), cert. denied, 116 S. Ct. 2569 (1996). At one point in ____________ time, the State of Maine denied these rights to felons. In 1975, however, Maine reversed course and restored these rights. At the time of Sullivan's state court arson and burglary convictions, the restoration effort by Maine was complete: felons were permitted to vote, hold office, and serve on a jury. As such, Sullivan invites us to provide a favorable response to the question left open in this circuit by Caron, that is, whether _____ civil rights which have never actually been forfeited can nonetheless be "restored." We need not answer this question here, however. Section 921(a)(20) provides that a conviction may serve as a predicate offense under the ACCA notwithstanding the restoration -6- of civil rights theretofore forfeited if the restoration statute imposes a restriction on the felon's ability to possess a firearm. 18 U.S.C. 921(a)(20). While the restoration statutes enacted by Maine did not include an explicit restraint on a felon's ability to possess a firearm, such restrictions were already in place in Maine. See Me. Rev. Stat. Ann. tit. 15,  ___ 393 (West 1995);2 see generally Passamaquoddy Tribe v. State of ______________ ___________________ ________ Maine, 75 F.3d 784, 789 (1st Cir. 1996). Therefore, the _____ statutory restrictions imposed on a felon's ability to possess a firearm in Maine afford Sullivan no relief from the sentencing enhancements of the ACCA. We think it is unnecessary to elaborate because our reading of the statute is that followed by a majority of the circuits that have spoken to the need to read state law as a  ____________________ 2 This statute provides, in pertinent part: 1. Possession prohibited. A person may not own, possess or have under that person's control a firearm, unless that person has obtained a permit under this section, if that person: A. Has been convicted of a crime, under the laws of the United States, this State or any other state, that is punishable by imprisonment for one year or more . . . . 2. Application after 5 years. A person subject to the provisions of subsection 1 may, after the expiration of 5 years from the date that the person is finally discharged from the sentences imposed as a result of the conviction or adjudication, apply to the Commissioner of Public Safety for a permit to carry a firearm. That person may not be issued a permit to carry a concealed firearm . . . . Me. Rev. Stat. Ann. tit. 15, 393 (West 1995). -7- whole. Indeed, apart from the District of Columbia Circuit, see ___ United States v. Bost, 87 F.3d 1333 (D.C. Cir. 1996), every ______________ ____ circuit court that has addressed the issue appears to have taken the approach that we follow here. See United States v. Burns, ___ _____________ _____ 934 F.2d 1157, 1159-61 (10th Cir. 1991), cert. denied, 502 U.S. ____________ 1124 (1992); United States v. McLean, 904 F.2d 216, 218 (4th ______________ ______ Cir.), cert. denied, 498 U.S. 875 (1990); United States v. Erwin, ____________ _____________ _____ 902 F.2d 510, 513 (7th Cir.), cert. denied, 498 U.S. 859 (1990); ____________ United States v. Cassidy, 899 F.2d 543, 549 (6th Cir. 1990); cf. _____________ _______ ___ United States v. G mez, 911 F.2d 219, 221-22 (9th Cir. 1990). We _____________ _____ reserve decision on a further question, which appears to have divided the circuits more closely, as to whether a firearm restriction in a state statute would be sufficient in a case where the defendant received a document such as a pardon or a certificate that purported to restore all civil rights but did not expressly mention any restrictions with respect to firearms. See United States v. Erwin, 902 F.2d at 512-13. ___ _____________ _____ Accordingly, the district court properly used the state arson and burglary convictions as predicate offenses for purposes of determining his sentence pursuant to the ACCA. We find no plain error. III. CONCLUSION III. CONCLUSION For the foregoing reasons, the sentence imposed by the district court is affirmed. ________ -8-