145 F.3d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
BRADLEY S. PARREN, Defendant-Appellant.
 No. 97-30293.
D.C. No. CR-97-02019-RHW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1998.
Decided May 28, 1998.
 
 1
 Appeal from the United States District Court for the Eastern District of Washington Robert H. Whaley, District Judge, Presiding.
 
 
 2
 MEMORANDUM*
 
 
 3
 Before THOMPSON and TASHIMA, Circuit Judges, and STAGG, District Judge.**
 
 
 4
 Bradley S. Parren appeals his sentence. He contends the district court erred in denying his motion to preclude the use of his prior convictions to enhance his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).
 
 
 5
 Parren pleaded guilty to one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). He argues that use of his prior convictions to enhance his sentence violates his constitutional rights because his indigence is the only reason for the State of Washington's refusal to restore his civil rights.
 
 
 6
 We have jurisdiction under 28 U.S.C. § 1291. We hold that even if the State of Washington had restored Parren's civil rights, the restoration would have expressly provided that his right to possess firearms was not restored. The district court, therefore, did not err in using Parren's prior convictions to enhance his sentence, and we affirm.
 
 DISCUSSION
 
 7
 Any conviction for which a person has had civil rights restored may not serve as a predicate offense for punishment enhancement under the ACCA. 18 U.S.C. § 921(a)(20).
 
 
 8
 Parren contends that certificates restoring his civil rights should be treated as constructively issued, because the only reason the certificates were not issued was because of his inability to pay legal financial obligations that were imposed as part of his sentence. See United States v. Parks, 89 F.3d 570 (9th Cir.1996). He also contends that the certificates which should have been issued would not have expressly provided that his right to possess firearms was not restored.
 
 
 9
 For purposes of this disposition, we treat the certificates of discharge as constructively issued. The question then becomes whether the constructively issued certificates would have expressly provided that Parren could not possess firearms.
 
 
 10
 If a certificate restoring civil rights "expressly provides" that the person may not possess firearms, then the underlying conviction may serve as a predicate offense. 18 U.S.C. § 921(a)(20); United States v. Herron, 45 F.3d 340, 341 (9th Cir.1995). Parren argues that the certificates which he contends should have been issued would not have expressly provided that his right to possess firearms was not restored, because the certificates would have required reference to extraneous state statutes. He correctly points out that a court should look only within the four corners of a certificate of discharge and not to state statutes to determine whether the restoration of civil rights expressly provides that the ex-felon's right to possess firearms is restricted. Herron, 45 F.3d at 342. The requirement that the restoration "expressly provide" that the ex-felon's right to possess firearms is restricted is an "anti-mousetrapping rule". United States v. Erwin, 902 F.2d 510, 512 (7th Cir.1990).
 
 
 11
 If the State of Washington had restored Parren's civil rights, the certificates of discharge would have stated: "[i]f the conviction herein was for a serious offense as defined in RCW 9.41.010 or those listed in 9.41.040(1)(a) or (b) or (c) this order does not reinstate your right to possess firearms." Because Parren's 1989 convictions were for "serious offenses" under Wash.Rev.Code § 9.41.010 and the form of the certificates he would have received made specific reference to that code section, Parren would have had sufficient notice that his right to possess firearms was not restored.[1] There is no risk of "mousetrapping" or unfair surprise. The certificates, if issued, would have "expressly provided" that Parren could not possess firearms.
 
 
 12
 Parren also argues that the certificates would not have given sufficient notice of the firearms restriction because the form of the certificates is contradicted by Wash.Rev.Code § 9.94A.220(3). That section provides that a certificate of discharge "shall have the effect of restoring all civil rights lost by operation of law upon conviction, and the certificate shall so state." Id. (emphasis added). This argument lacks merit. As we stated above, 18 U.S.C. § 921(a)(20) and Herron require that the inquiry be limited to the certificate, and the certificates which would have issued make no reference to Wash.Rev.Code § 9.94A.220(3).
 
 
 13
 We conclude the district court did not err by enhancing Parren's sentence under the ACCA.[2]
 
 
 14
 AFFIRMED.
 
 
 
 **
 Honorable Tom Stagg, Senior United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Parren contends that the form of the certificate he would have received but for his indigency does not give adequate notice because there was no definition of a "serious offense" under Washington law at the time of his 1989 convictions. This contention is meritless. When Parren was released from prison for the 1989 convictions, section 9.41.010 defined his offenses as serious offenses. Parren's release date was the earliest he possibly could have become eligible for a certificate of discharge, and at that time such a certificate would have notified him that his serious offense convictions precluded him from possessing firearms
 
 
 [2]
 It is possible that the certificate of discharge for the 1988 conviction would not have contained any restrictive language. However, the 1983 conviction and the two 1989 convictions are sufficient to support the sentencing enhancement under the ACCA, which requires three predicate felonies. See 18 U.S.C. § 924(e). Thus, we do not consider whether counting the 1988 conviction is precluded under 18 U.S.C. § 921(a)(20)
 Nor do we consider the government's argument, raised for the first time on appeal, that Parren's 1983 conviction precluded him from ever possessing a firearm and thus any later certificates could not restore rights which, the government contends, were permanently taken away.