Ryan Alan YOCUM, Petitioner—
Appellant,

v.

UNITED STATES of America,
Respondent—Appellee.

No. 02–35391.

D.C. Nos. CV–01–00694–TSZ,
CR–98–00573–WLD.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 1, 2003.*

Decided Dec. 3, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Ryan Alan Yocum, pro se, Atwater, CA, for Petitioner–Appellant.

Carol A. Elewski, East Olympia, WA, for Petitioner–Appellant.

Joanne Y. Maida, USSE–Office of the U.S. Attorney, Seattle, WA, for Respondent–Appellee.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM**

Petitioner Ryan Alan Yocum appeals the district court's order denying his 28 U.S.C. § 2255 motion, which challenges the sentence imposed following his plea of guilty to a charge of being a felon in possession of a firearm. We affirm.

1. Petitioner argues primarily that third-degree assault under Washington law, Wash. Rev.Code § 9A.36.031, is not a "violent felony" and therefore that his two convictions for third-degree assault may not serve as a predicate for application of the Armed Career Criminal Act (ACCA) enhancement, 18 U.S.C. § 924(e)(1). He also argues that one of his convictions for third-degree assault was "expunged" and may not be counted for that reason. We need not reach those interesting issues.

Petitioner was convicted of theft from a person, Wash. Rev.Code § 9A.56.030(1)(b), in 1995. That was a violent felony under the ACCA. *United States v. Wofford,* 122 F.3d 787, 793–94 (9th Cir.1997). For acts committed in a separate incident, Petitioner was convicted of residential burglary, Wash. Rev.Code § 9A.52.025, in 1995. That was a violent felony under the ACCA,

as Petitioner concedes on appeal and as this court held in *United States v. Yocum,* 225 F.3d 666, 2000 WL 766486 (9th Cir. 2000) (unpublished decision). He was convicted of second-degree assault in 1993. That, as Petitioner has conceded throughout, is a violent felony under the ACCA. Those three violent felonies sufficed to allow the sentencing court to apply the ACCA enhancement. 18 U.S.C. § 924(e)(1).

2. When considering a federal sentence for a federal crime, we look to federal law alone to determine whether a state crime falls within the federal statutory definition of a "violent felony." *United States v. Sherbondy,* 865 F.2d 996, 1004–05 (9th Cir. 1988). Therefore, it does not avail Petitioner that the State of Washington labeled as "nonviolent" one or more of the crimes to which he pleaded guilty. In view of the settled law on this point, any reliance that Petitioner may have placed on the state-law label for his past crimes as binding the federal government was unreasonable. The ACCA sentence, thus, did not violate Petitioner's right to due process.

Petitioner's citation to *United States v. Herron,* 45 F.3d 340 (9th Cir.1995), does not assist him. There, the defendant acted affirmatively in reliance on a state certificate providing that he lawfully could possess firearms. Here, however, the state never told Petitioner that he could possess the firearm at issue. Petitioner could be under no illusion that his conduct here was lawful.

3. Because the ACCA sentence was proper, Petitioner's previous appellate counsel was not ineffective for failing to

argue that a 1994 conviction for third-degree assault did not qualify as a "violent felony" for purposes of the ACCA enhancement.

AFFIRMED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.