**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30161 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-00057-TMB-1 |
| v. | |
| TERRANCE LEE JONES, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted March 5, 2010 [**]
Seattle, Washington

Before: TASHIMA, FISHER and BERZON, Circuit Judges.

Defendant Terrance Jones appeals the sentence imposed by the district court.

We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court correctly held that Jones's 1989 Colorado conviction for second-degree robbery is a predicate conviction for sentencing purposes under 18 U.S.C. § 924(e)(1).

Federal law forbids a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm." 18 U.S.C. § 922(g). If convicted under this statute, an offender who has three violent felony convictions faces an enhanced sentence of at least fifteen years. § 924(e)(1). A violent felony is defined in relevant part as "any crime punishable by imprisonment for a term exceeding one year." § 924(e)(2)(B). A conviction is not a "crime punishable by imprisonment for a term exceeding one year" if "a person . . . has had civil rights restored . . . unless . . . restoration of civil rights expressly provides that the person may not . . . possess . . . firearms." § 921(a)(20).

Colorado restores civil rights automatically when a person has "served out his full term of imprisonment." Colo. Const. art. VII, § 10. Where restoration is automatic, "[o]ne must 'look to the whole of state law'" of the state of conviction for any provisions limiting the right to possess firearms. *United States v. Herron*, 45 F.3d 340, 342 (9th Cir. 1995). Colo. Rev. Stat. § 18-12-108 now provides that "[a] person commits the crime of possession of a weapon by a previous offender if

2

the person knowingly possesses . . . a firearm . . . subsequent to the person's conviction for a felony . . . under Colorado or any other state's law or under federal law." The statute prohibits a felon from possessing a firearm after his civil rights have otherwise been restored.

Section 18-12-108 was amended to its present form in 1994, after Jones's guilty plea to second-degree robbery in March 1989 but before his release and the restoration of his civil rights in October 2001. The state law in effect "*at the time of the restoration* [of civil rights]" controls. *United States v. Huss*, 7 F.3d 1444, 1446 (9th Cir. 1993), *overruled on other grounds*, *United States v. Sanchez-Rodriguez*, 161 F.3d 556 (9th Cir. 1998). Thus, the district court did not err in counting the Colorado conviction as a predicate conviction for sentencing purposes under 18 U.S.C. § 924(e)(1).

AFFIRMED.