**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30002 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00047-SLG-1 |
| v. | |
| JONATHAN NEAL JARNIG, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted June 16, 2021
Anchorage, Alaska

Before:  RAWLINSON, CHRISTEN, and R. NELSON, Circuit Judges.

Jonathan Jarnig appeals his convictions after a bench trial for one count of

possessing a firearm in furtherance of a drug-trafficking offense in violation of 18

U.S.C. § 924(c), and two counts of being a felon in possession of a firearm in

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

violation of 18 U.S.C. § 922(g). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm Jarnig's convictions.[1]

1. The evidence was sufficient to convict Jarnig of violating § 924(c). When the sufficiency of the evidence underlying a conviction is challenged, the question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Section 924(c)(1)(A) provides that a defendant is guilty where "in furtherance of [a drug-trafficking offense]," he "possesses a firearm." The facts in evidence must "reveal a nexus between the guns discovered and the underlying offense." *United States v. Krouse*, 370 F.3d 965, 968 (9th Cir. 2004).

A rational trier of fact could conclude there was a nexus between the firearm discovered in Jarnig's nightstand and the crime of maintaining a drug property. S*ee* 21 U.S.C. § 856(a)(1).[2] A confidential informant testified to buying drugs from Jarnig at the same property, and stated that there had been drugs in the same nightstand. *See Krouse*, 370 F.3d at 968 (holding that nexus existed where guns

---

[1] The parties are familiar with the facts, so we discuss them only as necessary to resolve the issues on appeal.

[2] Jarnig does not challenge that he maintained his house as a drug-involved premises in violation of § 856(a)(1).

were found "strategically located within easy reach in a room containing a substantial quantity of drugs *and drug trafficking paraphernalia*" (citation and footnote reference omitted) (emphasis added)).

2.  We review Jarnig's challenge to his § 922(g) convictions, brought pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), for plain error.  *See Greer v. United States*, 141 S. Ct. 2090, 2096 (2021).[3]  *Rehaif* was decided after Jarnig was convicted, but he gets the benefit of *Rehaif* on direct appeal.  *See id.* Plain error is: (1) an error; that (2) is plain; (3) affects substantial rights; and (4) seriously affects "the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020), *as amended* (citation omitted).

Section 922(g) provides that "[i]t shall be unlawful" for certain individuals to possess firearms and lists nine categories of individuals subject to the prohibition.  One category is "any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 922(g)(1).  A separate statute provides that any person who "knowingly violates" § 922(g) shall be fined or imprisoned.  18 U.S.C. § 924(a)(2).

---

[3] In light of *Greer*, Jarnig conceded that the asserted *Rehaif* error was not structural.

The term "crime punishable by imprisonment for a term exceeding one year" as used in § 922(g) does not include "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored." 18 U.S.C. § 921(a)(20). To determine whether a person's civil rights have been restored, we look to applicable state laws on the possession of firearms. *See United States v. Herron*, 45 F.3d 340, 342 (9th Cir. 1995). Alaska restores the right to possess firearms automatically ten years after "unconditional discharge on the prior offense." Alaska Stat. § 11.61.200(b).

The government argues that § 921(a)(20)'s exclusion of convictions for which a person has had civil rights restored from the category of crimes "punishable by imprisonment for a term exceeding one year" is an affirmative defense for which Jarnig bore the burden of proof, not an exception the government was required to disprove in order to establish a § 922(g) violation. *Cf. United States v. Benamor*, 937 F.3d 1182, 1186–88 (9th Cir. 2019), *as amended* (explaining that the antique firearm exception to § 922(g) is an affirmative defense). But even if the burden were the government's, Jarnig failed to object at trial and thus plain error review applies. *See Johnson v. United States*, 520 U.S. 461, 465–66 (1997). Jarnig has not carried his burden on plain error review to establish that any failure by the government to prove that he knew his rights had

4

not been restored affected his substantial rights. *See Greer*, 141 S. Ct. at 2096-97. On August 11, 2009, Jarnig admitted at a final parole hearing that he had violated his parole in December, 2006 and April, 2009. Thus, Jarnig acknowledged he had not received an "unconditional discharge" from his felony sentence as of those dates. Jarnig's judicial admissions establish that he knew his rights had not been restored at least as of the time officers found guns in his possession—less than ten years later—on April 5, 2017, and January 11, 2018.

**AFFIRMED.**