The STATE of Ohio, Appellee,

v.

MOSLEY, Appellant.

[Cite as *State v. Mosley* (1993), 88 Ohio App.3d 461.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920536.

Decided June 30, 1993.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Regina A. Baluyot,* Assistant Prosecuting Attorney, for appellee.

*Bruce Hust,* Hamilton County Public Defender, for appellant.

*Per Curiam.*

Defendant-appellant, William Mosley, appeals from the judgment of the Hamilton County Court of Common Pleas in which he was convicted, following a trial to a jury, of carrying a concealed weapon, in violation of R.C. 2923.12 (Count One), and accompanying specifications, and of aggravated robbery, in violation of R.C. 2911.01 (Count Two), and accompanying specifications.[1]

Count One included an allegation that appellant had been convicted previously of a crime of violence, to wit: breaking and entering, in violation of

---

1. The jury acquitted appellant of the theft offense charged in the third and final count of the indictment.

R.C. 2911.13, under case No. B–870379.[2] The specification to Count One alleged the same previous conviction as an offense of violence. The specification to Count Two alleged the same conviction in support of the allegation that appellant had been previously convicted of a crime that was substantially equivalent to an aggravated felony of the first degree.

The record reflects that on two occasions during the late evening of December 9 and the early morning hours of December 10, 1991, appellant and Chaincey Satterwhite entered a convenience store on Hawthorne Avenue in the Price Hill section of Cincinnati. On each occasion, the men had a conversation with the store clerk on duty, Jerry Stamper.

At approximately 5:00 a.m., appellant returned alone and requested to purchase a pack of cigarettes, which Stamper placed on the checkout counter. Appellant next selected a package of bacon and a carton of eggs from a cooler and brought them to the counter. As Stamper was entering the items on the store's register, appellant grabbed Stamper by the shirt with his right hand. At the same time, appellant produced a butcher knife with his left hand and held it against Stamper's throat.

Stamper was able to wrestle free from the appellant, who remained silent. Stamper made his way to a storeroom. From that vantage point, Stamper watched as appellant tried to open the register. When his attempts to open the register proved futile, appellant grabbed the cigarettes from the counter, directed some epithets towards Stamper and fled across the street and up a driveway that led to the Grandview apartments.[3] Stamper then locked the store's doors and telephoned the police. While Stamper was making that telephone call, Satterwhite returned to the store, but left when he found the doors locked.

No arrests were accomplished on the day of the offense. However, believing that Satterwhite was involved in the events *sub judice*, Stamper reported his presence in the store during the early morning hours of December 12, 1991 to the police. Officer Douglas Perkins was among the police officers who responded. As he drove his patrol car up the driveway of the Grandview apartments, Perkins observed three men, whom he subsequently determined to be appellant, Satterwhite and an unidentified juvenile. Perkins used the spotlight on his patrol car to illuminate the men and he observed an object drop to appellant's feet. Perkins

---

**2.** We note that where an allegation of a prior offense in an indictment elevates the degree of the crime, as opposed to merely enhancing the penalty to be imposed, it is an essential element that must be proven beyond a reasonable doubt. *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494.

**3.** The record reflects that appellant's cousin, identified as Mara, resided in this apartment building. Satterwhite resided in an apartment directly adjacent to the one occupied by appellant's cousin.

secured the men and recovered a butcher knife from the area near appellant's feet.

At trial, appellant's defense included alibi evidence. Appellant's brother, Robert Mosley, testified that he was with the appellant during the evening hours of December 9, 1991, and that appellant was not in the vicinity of Price Hill. Other witnesses admitted being with the appellant at Mara's apartment on that evening. Despite appellant's own admission that he was in the convenience store on the evening of December 9, he maintained that he spent the early morning hours of December 10 at the Avondale residence of his brother Kirk. Kirk Mosley also testified and corroborated this claim.

At the conclusion of the trial, the jury returned guilty verdicts on Counts One and Two of the indictment. The trial court made findings of guilt as to the accompanying specifications.[4]

In this timely appeal, appellant advances two assignments of error.[5] Our resolution of the first assignment entails some preliminary discussion of the convoluted state of the record that has been transmitted from the trial court for our review.

The indictment against appellant, which was returned by the grand jury on January 29, 1992, originally included in Count One and in specifications to Counts One and Two an allegation that appellant had been convicted previously of aggravated burglary in case No. B–870397. The indictment characterized this conviction as an offense of violence and as a crime that was substantially equivalent to an aggravated felony of the first degree.

On March 24, 1992, the state moved the trial court, in writing, to amend the indictment, pursuant to Crim.R. 7(D), so that the specifications and the related element of Count One would reflect that the prior aggravated burglary conviction alleged therein was under case No. B–782911 rather than case No. B–870397. This was the only requested change to the indictment. The trial court's entry granting the motion was journalized the same day.

---

4. Prior to trial, the appellant requested that the trial judge determine the propriety of the specifications as well as the related allegation in Count One. See State v. Ireson (1991), 72 Ohio App.3d 235, 594 N.E.2d 165.

5. Attached as an appendix to the trial court's findings is a letter from appellant to his appellate counsel in which appellant raises certain issues relating to the proceedings below. Appellate counsel has translated those issues into four assignments of error that are included in the appendix but are neither briefed nor argued. While this court has reviewed this cause keeping those additional matters in mind, they will not specifically be addressed. See App.R. 12(A).

The matter proceeded to trial on May 11, 1992. However, the trial court declared a mistrial on May 15, 1992, due to the jury's inability to arrive at a verdict. A retrial began on June 1, 1992. On that day the state orally moved the court, over appellant's objection, to amend the indictment again. The proposed change reflected that the specifications to both counts and the related element in Count One were based not upon a previous conviction for aggravated burglary, but upon a previous conviction for breaking and entering, in violation of R.C. 2911.13, under case No. B–870379. The trial judge orally granted the motion.

We have searched the record in vain for an entry memorializing the above amendment. Rather, the amendment is evidenced in writing only by the trial judge's interlineations on the face of the indictment. We do not condone such pen-and-ink changes to an indictment. Crim.R. 7(D); *State v. Dilley* (1989), 47 Ohio St.3d 20, 546 N.E.2d 937, syllabus. This extraordinary method of amendment is particularly flagrant in a case such as this where a proper means of amendment, by written motion and entry, was previously employed.[6]

Following the trial court's indication that it was granting the oral motion to amend, appellant entered into a stipulation as to the truth of the specifications and related element in Count One. Appellant further requested that the trial court, rather than the jury, pass judgment thereon.[7]

We note the serious impact of appellant's prior conviction on the counts and the specifications charged. The allegation of the prior offense of violence in the first count served to elevate that count from a misdemeanor of the first degree to a felony of the third degree. R.C. 2923.12(D).[8] Inclusion of the specification made appellant eligible for an indeterminate sentence involving a minimum term of from two years to four years and a maximum term of ten years. R.C. 2929.-11(B)(6) and 2941.143. Without the specification, appellant would have been eligible only for a definite sentence of one, one and one-half, or two years. R.C. 2929.11(D)(1). The trial court ultimately imposed a sentence on Count One involving an indeterminate term of three to ten years.

---

**6.** Appellant has raised no claim of prejudice resulting from a change to the nature or identity of the charged crime. See, *e.g.*, *State v. Lundy* (June 13, 1985), Scioto App. No. 1510, unreported.

**7.** The trial court entered findings of guilty as to these matters.

**8.** The statute provides in pertinent part:

"Whoever violates this section is guilty of carrying concealed weapons, a misdemeanor of the first degree. If the offender previously has been convicted of a violation of this section or of any *offense of violence*, * * * then carrying concealed weapons is a felony of the third degree." (Emphasis· added.)

In Count Two, aggravated robbery, the specification of a prior conviction of an aggravated felony of the first degree made appellant eligible to receive an indeterminate sentence ranging from a minimum of ten to fifteen years to a maximum of twenty-five years. R.C. 2929.11(B)(1)(b). Without the specification, appellant's minimum sentence would have ranged from five years to ten years, R.C. 2929.11(B)(1)(a), while the maximum sentence would have remained at twenty-five years. The trial court actually imposed an indeterminate sentence of fifteen to twenty-five years.

■ In his first assignment of error, appellant declares:

"The trial court sentenced, and therefore convicted, Defendant–Appellant in a manner contrary to law where the terms of actual incarceration for carrying concealed weapons and aggravated robbery were enhanced by a prior conviction which is not an aggravated felony or an offense of violence."

For the reasons that follow, we sustain this assignment of error.

Where the accused has a prior conviction for an offense of violence, the criminal statutes indisputably permit sentencing enhancement for both carrying a concealed weapon and aggravated robbery, and elevation of the offense for carrying a concealed weapon. Our inquiry then is whether the statutory crime of breaking and entering, employed here as an element of Count One, and as a sentencing enhancement in Counts One and Two, is an offense of violence.

The General Assembly has enumerated those infractions which constitute offenses of violence in R.C. 2901.01(I). Breaking and entering is not specifically designated in R.C. 2901.01(I)(1). In addition to the enumerated crimes, however, an offense "substantially equivalent" to a listed offense, R.C. 2901.01(I)(2), or an offense committed purposely or knowingly, and "involving physical harm to persons or a risk of serious physical harm to persons" is also an offense of violence. R.C. 2901.01(I)(3).

The state maintains that breaking and entering is substantially equivalent to burglary, an enumerated offense, and therefore qualifies as an offense of violence. The state, however, concedes that the "unoccupied structure" element of breaking and entering, R.C. 2911.13(A), substantially reduces the risk of harm to persons required for inclusion under R.C. 2901.01(I)(3).

Moreover, breaking and entering is not an aggravated felony of the first degree, the sentencing enhancement alleged in the specification to Count Two. Rather, in its most severe manifestation breaking and entering is a felony of the fourth degree. R.C. 2911.13(C).

Therefore, in sustaining appellant's first assignment of error, we hold that the trial court erred in determining that breaking and entering is an offense of

violence, and therefore elevating Count One to a third-degree felony and enhancing the sentences imposed for Counts One and Two.

In his second assignment of error, appellant urges that the trial court erred by entering a conviction that was both against the manifest weight of the evidence and based upon insufficient evidence. Appellant's argument in support of this assignment addresses only the conviction for carrying a concealed weapon.

R.C. 2923.12 declares, in part, that:

"(A) No person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance."

Appellant specifically argues that there is no evidence to support a finding that the butcher knife recovered by Officer Perkins came from a concealed area on or about appellant's person.

Based upon our review of the evidence presented at trial, we conclude that the jury could have reasonably found that appellant had a knife concealed on or about his person immediately before it was dropped at appellant's feet. A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

Similarly, based upon the evidence adduced at trial, we conclude that the jury, in finding appellant guilty of carrying a concealed weapon, did not lose its way so as to require a new trial. *Tibbs v. Florida* (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652. We hold that appellant's conviction of carrying a concealed weapon, in violation of R.C. 2923.12(A), is against neither the weight nor the sufficiency of the evidence. Accordingly, appellant's second assignment of error is overruled.

Having sustained only the first of appellant's two assignments of error, we vacate the sentences imposed by the court of common pleas and remand this cause for resentencing in accordance with this decision and law.

*Judgment accordingly.*

KLUSMEIER, P.J., SHANNON and HILDEBRANDT, JJ., concur.