[Cite as *State v. Hunt*, 2021-Ohio-1440.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                     Court of Appeals No. E-20-005

    Appellee                              Trial Court No. 2014CR138

v.

Victor O. Hunt aka Victor O. Brown        **DECISION AND JUDGMENT**

    Appellant                             Decided:  April 23, 2021

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} On April 9, 2014, the Sandusky County Grand Jury issued a four-count

indictment against appellant, Victor O. Hunt aka Victor O. Brown.  These were

separately enumerated and described as follows:  Count 1:  complicity to commit

aggravated possession of drugs, a first-degree felony, in violation of R.C. 2925.11(A) and

2925.11(C)(1)( e); Count 2: complicity to commit preparation of drugs for sale, a first-degree felony, in violation of R.C. 2925.03(A) (2) and 2925.03(C) (1)(f); Count 3: tampering with evidence, a third-degree felony, in violation of R.C. 2921.12(A)(1). The grand jury also charged appellant with a criminal forfeiture specification as to Counts 1 and 2 as well as a major drug offender specification as to Counts 1 and 2.

{¶ 2} On April 2, 2015, a plea agreement was reached with the prosecution. Pursuant to the terms of that agreement, appellant agreed to plead guilty to Count 1, complicity to commit aggravated possession of drugs, a first-degree felony and serve three years of imprisonment. The agreement also called for a forfeiture of $3,210 and the GMC Yukon vehicle. The prosecution would then dismiss Counts 2 and 3 as well as the major drug offender specification.

{¶ 3} The trial court conducted a plea colloquy on that date, pursuant to Crim.R. 11. Although appellant was to be sentenced on June 1, 2015, he failed to appear. Ultimately, appellant was apprehended. He appeared before the court for sentencing several years later on December 13, 2018. Ten days earlier, on December 3, 2018, through new counsel, appellant filed a motion to vacate his April 2, 2015 guilty plea. The basis of the motion to withdraw was fourfold: the prosecution failed to respond to discovery requests in a timely manner; an allegation that there was a violation of professional rules of conduct when a codefendant was represented by appellant's former counsel; that counsel failed to request the identity of a confidential informant; and that Hunt was unaware of the maximum sentence that could have been imposed.

2.

{¶ 4} None of appellant's articulated reasons to vacate his plea involved a claim of an improper firearm disqualifying notification.

{¶ 5} The docket of the trial court fails to reflect a ruling on appellant's motion to vacate. However, on April 29, 2019, a full and rather comprehensive hearing was held on appellant's motion. Witnesses testified and were subject to cross-examination. At the conclusion of the hearing, the trial court indicated that the motion was denied and articulated its reasoning. On that date, the trial court then proceeded to sentencing. Appellant was sentenced to five years in prison, given a $10,000 fine, a one-year driver's license suspension and court costs.

{¶ 6} Hunt timely filed an appeal from that judgment. He presents a single assignment of error:

> 1. THE TRIAL COURT ERRED BY ACCEPTING THE PLEA OF VICTOR HUNT ("APPELLANT") WHICH WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY MADE IN LIGHT OF THE TRIAL COURT MISLEADING APPELLANT DURING THE PLEA COLLOQUY AS TO THE RAMIFICATIONS OF APPELLANT'S ACCEPTANCE OF THE PLEA BARGAIN OFFER IN RELATION TO APPELLANT'S FUTURE FIREARM RIGHTS.

{¶ 7} The underlying purpose of Crim.R. 11 is to ensure that certain information is conveyed to the defendant which would allow him to make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480,

423 N.E.2d 115 (1981). In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished constitutional and nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim.R. 11(C). *State v. Turski*, 6th Dist. Lucas No. L-18-1217, 2019-Ohio-3604, ¶ 8, citing *State v. Colbert*, 71 Ohio App.3d 734, 737, 595 N.E.2d 401 (11th Dist.1991).

{¶ 8} Crim.R. 11(C)(2)(c) requires that the defendant be advised of the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. The first three are the three constitutional rights originally identified in *Boykin v. Alabama*, 395 U.S. at 243, 89 S.Ct. 1709, 23 L.Ed.2d 274. The Supreme Court of Ohio recognized notification of the right of compulsory process to obtain witnesses as a fourth constitutional right in *Ballard*. *Veney*, *supra*, at ¶ 19.

{¶ 9} Appellant assigns no error to the manner in which he was advised of his constitutional rights under Crim.R. 11(C)(2(c).

{¶ 10} Hunt's sole assignment of error relates to the trial court's notification to him that a firearm restriction would be imposed upon him as a result of his felony conviction. Specifically, during the plea colloquy, the trial court stated:

4.

You must understand, under federal law, individuals convicted on the state level of felonies of the first, second, third, or fourth degree, you're under a disability. You're not allowed to own or possess a firearm or ammunition. If you do, the federal authorities, they could prosecute you, and you could be subject to many years in prison in their system. That applies even if you've had your civil rights restored.

{¶ 11} We will note that under federal law, 18 U.S.C. Section 922(g)(1), it is unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, to possess any firearm or ammunition.

{¶ 12} However, pursuant to 18 U.S.C. Section 921(a)(20), "any conviction * * * for which a person * * * has had civil rights restored shall not be considered a conviction for purposes of this chapter." *United States v. Zeller*, 334 Fed.Appx. 742, 744 (6th Cir.2009), citing *United States v. Cassidy*, 899 F.2d 543, 546 (6th Cir.1990). Thus, if state law has restored civil rights to a felon without expressly limiting the felon's firearms privileges, that felon is not subject to federal firearms disabilities. Therefore, the trial court's attempt at an advisement of the federal law was not accurate.

{¶ 13} Additionally, under the laws of the state of Ohio, appellant's firearm rights are restricted as a result of Hunt's conviction. More specifically, R.C. 2923.13(A) states in pertinent part that, unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

5.

(1) The person is a fugitive from justice.

(2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

(3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.

{¶ 14} The April 30, 2019 judgment entry of sentencing has several relevant boxes checked. Specifically, that "Defendant was advised at the time of the plea(s), under Federal law, State law that he/she can never lawfully possess a firearm or ammunition. Further, that if in possession of a firearm he/she could be subject to prosecution by those respective authorities."

{¶ 15} The record does reflect that during the April 2, 2015 plea colloquy, the trial court did notify Hunt of firearm restrictions imposed upon him by state statute. Without specifically referencing R.C. 2923.13(A)(3), the court stated:

COURT: Now, on the state level, individuals convicted of drug related offenses, same thing, disability. You can't own or possess a firearm

6.

or ammunition. If you do, the State of Ohio could prosecute you for the offense of having a weapon while under a disability. That applies unless you've been relieved of that disability pursuant to law. Do you understand the difference?

Mr. HUNT: Yes, Your Honor.

{¶ 16} In *State v. Henderson*, 6th Dist. Lucas No. L-14-1272, 2015-Ohio-4408, ¶ 23, we held that, after a review of Ohio statutory and case law, we could find no requirement that the court inform a convicted felon of his inability to possess firearms. We further observed that R.C. 2943.033, relating to misdemeanor domestic violence convictions, requires that a court inform a defendant that under 18 U.S.C. 922(g)(9) it may be unlawful for the individual to possess a firearm. However, this section further provides that "[t]he plea may not be vacated based on a failure to inform * * *."

{¶ 17} Appellee concedes that the trial court's attempt at its advisement to Hunt of the impact of his plea on his ability to possess a firearm or ammunition was not substantially correct concerning the federal statute.

{¶ 18} Nevertheless, we find appellant's argument that his plea should be vacated lacks merit for two reasons. First, even if it could be argued that this advisement was a nonconstitutional or statutory right, it is incumbent upon appellant to demonstrate the prejudicial impact on his ability to make a knowing, voluntary and intelligent plea to the charges. For nonconstitutional rights, the trial court must substantially comply, provided

7.

no prejudicial effect occurs before a guilty plea is accepted. *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 19} Hunt has not made even a veiled attempt to show prejudicial impact and how the trial court's advisement affected his decision to enter into his plea on April 2, 2015. Rather, his arguments are confined to the language of the trial court in being "materially inaccurate." Indeed, the applicable statutes concerning firearm ownership subsequent to a felony conviction are, in fact, more forgiving and beneficial to appellant than the advisement given by the trial court. The deficiency in the advisement is the failure to advise Hunt that he could, under certain circumstances, have his gun ownership rights restored. Despite the absence of any argument of prejudice, it is difficult to imagine a scenario where such a defendant sustains any prejudice for such a failure. *State v. Ramey*, 7th Dist. Mahoning No. 13MA 64, 2014-Ohio-2345, ¶ 19.

{¶ 20} Second and finally, as we stated in in *Henderson*, we find no statutory or case law requirement that the court inform a convicted felon of his inability to possess firearms. A trial court is not required to go beyond the Crim.R. 11 notification requirements and a plea will not be rendered involuntary based upon such a claim. *Turski*, 6th Dist. Lucas No. L-18-1217, 2019-Ohio-3604, *supra*, at ¶ 10, citing *State v. Goddard*, 3d Dist. Wyandot No. 16-06-05, 2007-Ohio-1229, ¶ 14.

For the forgoing reasons, we affirm the trial court's decision to deny appellant's motion to vacate and find no error by the trial court in the Crim.R. 11 plea colloquy that

8.

would have rendered the plea involuntary. Appellant's sole assignment of error is found not well-taken.

{¶ 21} Based on the foregoing, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J. _____

_____
JUDGE

Christine E. Mayle, J. _____

Myron C. Duhart, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.